

**FILED**
**Jun 08, 2022**
**07:12 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT KNOXVILLE

| | | |
|---|---|---|
| **PAUL GOOKENBARGER,** | ) | **Docket No. 2021-03-0696** |
| **Employee,** | ) | |
| **v.** | ) | |
| **KROGER COMPANY** | ) | |
| **Employer,** | ) | **State File No. 59262-2018** |
| **And** | ) | |
| **ABIGAIL HUDGENS,** | ) | |
| **Administrator of the** | ) | |
| **Bureau of Workers' Compensation,** | ) | **Judge Brian K. Addington** |
| **Subsequent Injury Fund.** | ) | |

---

## EXPEDITED HEARING ORDER
## DENYING MEDICAL BENEFITS

---

Paul Gookenbarger filed a request for expedited hearing seeking additional medical benefits with Dr. Patrick Bolt for his back injury. Kroger defended on the grounds that Mr. Gookenbarger did not file a petition for benefit determination within one year of the last voluntary payment, so that the statute of limitations bars his case. After a June 3, 2022 hearing, the Court holds at this time that Mr. Gookenbarger is not likely to succeed at a hearing on the merits in proving he timely filed his case.

### Claim History

Mr. Gookenbarger testified that he injured his back lifting crates on July 20, 2018. He treated first with a walk-in clinic, but he then selected Dr. Bolt from a panel of physicians, when the providers at the clinic made an orthopedic referral.

Dr. Bolt originally ordered injections and/or surgery. However, Kroger denied the surgery through utilization review, which felt physical therapy was more appropriate. Dr. Bolt disagreed with any physical therapy before injections or surgery. Eventually, the parties reached an agreement, and Dr. Bolt performed surgery, after which Mr. Gookenbarger underwent physical therapy. Dr. Bolt released Mr. Gookenbarger for work and assigned a nine-percent whole body impairment on September 11, 2019.

1

According to Kristy Lykins, claims adjuster, the last payment made by Kroger on Mr. Gookenbarger's claim was to Dr. Bolt on October 10, 2019. She then twice reached out by letter to Mr. Gookenbarger to settle his case but received no reply.

Mr. Gookenbarger testified that he did not receive any correspondence from Kroger after his last appointment with Dr. Bolt, but he believed that he would continue to have medical treatment for life because he had sustained a work injury. However, when he later tried to get medical treatment, Kroger told him his case was closed. To obtain medical benefits, he filed a petition for benefit determination on July 9, 2021.

Mr. Gookenbarger argued that he needs medical treatment for the pain in his back that radiates into his right leg. Kroger countered that the statute of limitations had run, thus barring his claim.

## Findings of Fact and Conclusions of Law

At an expedited hearing, Mr. Gookenbarger must provide sufficient evidence to show he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2021); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Mr. Gookenbarger has shown that he injured his back at work and is suffering with pain associated with his injury. However, Kroger presented a defense that the statute of limitations has run. According to Tennessee Code Annotated § 50-6-203(b)(2) (2018), a claim is barred unless an injured worker files a petition for benefit determination within one year of the last authorized doctor visit or last payment of compensation.

Here, Mr. Gookenbarger testified he filed his petition on July 9, 2021, and Ms. Lykins testified by affidavit that Kroger last paid benefits on October 10, 2019. Thus, Mr. Gookenbarger filed his petition more than one year after Kroger's last payment on his claim. At this time, the Court finds that Mr. Gookenbarger is unlikely to succeed at a hearing on the merits in proving he timely filed his petition for benefit determination.

**IT IS ORDERED AS FOLLOWS:**

1. The Court denies Mr. Gookenbarger's request for medical benefits.

2. The Court sets a Scheduling Hearing on **July 11, 2022, at 10:00 a.m. Eastern Time**. The parties must call 855-543-5044 to participate in the hearing. Failure to call may result in a determination of issues without the party's participation.

**ENTERED June 8, 2022.**

*Brian K. Addington*
_____
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits
1. Rule 72 Declaration of Paul Gookenbarger
2. First Report of Injury
3. Wage Statement
4. Employee's Choice of Physicians
5. Medical Records of Dr. Patrick Bolt
6. Correspondence
7. Employer's Notice of Filing
      Affidavit of Kristy Lykins
      Dr. Patrick Bolt medical record

Technical record
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Hearing Request (Expedited)
4. Hearing Request (Scheduling)
5. Employer's Expedited Hearing Brief

## CERTIFICATE OF SERVICE

I certify that a copy of the Show Cause Order was sent on June 8, 2022.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Paul Gookenbarger, Employee | X | | X | 305 Ashley Dr. Seymour, TN 37865 paul2401@sbcglobal.net |
| Heather Douglas, Employer's Attorney | | | X | hdouglas@manierherod.com jmacnair@manierherod.com |
| Lindsay Hall, Fund Attorney | | | X | lindsay.n.hall@tn.gov |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

4



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
[www.tn.gov/workforce/injuries-at-work/](www.tn.gov/workforce/injuries-at-work/)
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*